UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEITH A. DIXON, | ) | Case No.  08-70680-BHL-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| KEITH A. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. _____ |
| | ) | |
| OLD NATIONAL BANK; BANK OF | ) | |
| AMERICA; ROBERT P. MUSGRAVE, | ) | |
| TRUSTEE; CITIBANK (SOUTH | ) | |
| DAKOTA, N.A.; JENNIFER DIXON; | ) | |
| ,MEDICAL AND PROFESSIONAL | ) | |
| COLLECTION SERVICES; | ) | |
| SONITROL OF EVANSVILLE; | ) | |
| STATE OF INDIANA, DEPARTMENT | ) | |
| OF REVENUE; and DISCOVER BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR JUDGMENT
APPROVING SALE OF PROPERTY
CO-OWNED BY NON-DEBTORS**

Plaintiff, Keith A. Dixon,  by counsel, Andrew D.  Thomas, complains of Defendants herein and for his cause of action herein alleges and states as follows:

1.  Plaintiff (hereinafter "Keith") filed his petition in the main case herein, pursuant to Chapter 13, Title 11, U.S. Code on May 28, 2008.

2. This cause is brought pursuant to 11 USC § 363(h), 28 USC § 1334(b), 28 USC § 157(b)(2)(m), and B.R. 7001(3).

3. This Court, therefore, has jurisdiction over the parties and subject matter herein.

4. Keith's Plan was confirmed on September 9, 2008. A motion for post-confirmation modification of Keith's Plan was filed contemporaneously herewith. A copy thereof is attached hereto, made a part hereof, and labeled Exhibit A.

## COUNT I

5. Keith is the co-owner of certain real estate located in Vanderburgh County, City of Evansville, whose common address is 832 E. Gum Street (hereafter, "832"), as a tenant in common with his ex-spouse, Defendant Jennifer Dixon (hereafter "Jennifer"). The legal description of the property is attached hereto, made a part hereof, and labeled Exhibit B.

6. The market value of 832 is approximately $47,500.

7. The first mortgage holder on 832 is Defendant Old National Bank (hereafter "ONB"), whose claim secured thereby is $45,135.51, no payments having been paid thereon since the petition date.

8. The second mortgage on 832 is purportedly now held by Defendant Bank of America (hereafter "BOA"), whose alleged claim allegedly secured thereby is $33,187.07, upon which the Trustee has paid $4,847.85 as of October 28, 2009. A copy of the BOA claim is attached hereto, made a part hereof, and labeled Exhibit C.

9. Jennifer has a judgment lien for back child support on Keith's share of the property in the amount of $7,358.60, in the Dissolution of Marriage action in which Jennifer was petitioner in the Vanderburgh Superior Court under Cause #82D04-0410-DR-01033, entered on October 25, 2007, in Order Book 1545, Page 562.

10. The judgment liens of the Defendants State of Indiana, Department of Revenue (hereafter "IDR"), Citibank (South Dakota), N.A. (hereafter "Citi"), Jennifer, Discover Bank (hereafter

-2-

"Discover"), Medical and Professional Collection Services (hereafter, "M&PC") and Sonitrol of Evansville (hereafter "Sonitrol"), on Keith's interest in the property have all been avoided by previous orders of this Court which are attached hereto, made a part hereof, and labeled Group Exhibit D.

11, The order in Group Exhibit E on the motion to avoid Jennifer's lien is or may be voidable, as lien avoidance of judgments for back child support is prohibited by 11 USC § 522(f)(1)(A).

12. No equity exists in 832 for any lienholder except ONB, which has obtained relief from the automatic stay herein for the purpose of filing a complaint to foreclose its mortgage upon 832.

13. Keith has also filed contemporaneously herewith in the main case, a motion for sale, pursuant to 11 USC § 363, of 832 free and clear of liens, valid liens to attach to the proceeds thereof, to his father and mother, Emmet W. Dixon and Virginia Dixon (hereafter "Keith's Parents"), for the amount of $47,500.

14. Keith resides at 832 with his eleven year old son, Kendall. Kendall's mother is Jennifer.

15. At a Sheriff's sale, 832 will, in all likelihood, be sold for no more than the amount of ONB's claim and the real estate taxes which are a lien upon the property.

16. Partition of this property (A City lot with a single-family dwelling affixed thereto) between the estate and Jennifer is impracticable.

17. The sale of Keith's undivided one-half of 832 is a practical impossibility.

18. Keith's Parents have agreed to let Keith and his son reside in 832 in return for reasonable monthly rent.

19. The sale of 832 to Keith's Parents is in the best interest of the estate, its creditors, and the Debtor.

## COUNT II

20. Keith also owns, as a tenant in common with his father, Emmet, real estate having a common address of 830 E. Gum Street (hereafter "830"). It is believed that the market value of 830 is $45,000.

21. 830 is not encumbered by mortgage liens. However, Keith's one-half interest therein is encumbered by all of the liens that were ordered avoided upon 832 including the lien of Jennifer for child support. The proposed sale price for Keith's one-half interest in 830 is $22,500.

22. Keith has properly claimed an exemption in 830 pursuant to applicable Indiana law in the amount of $6,170.29.

23. Non-voidable liens on 830 are held by the IDR, Jennifer, Sonitrol, M&PC and Discover, all of which are made parties hereto to assert their interests in 830.

24. Citi has a judgment lien on 830 which is junior to those of the IDR, Jennifer, Sonitrol, M&PC and Discover. It is made a party herein to assert whatever interest it has in 830.

25. Any sale of 830 other than this would have to be accomplished by a partition suit, which would be costly, impracticable, and result in less recovery for judgment creditors than would result from the sale to Keith's Parents.

26. The distribution from the sale of Keith's one-half interest in 830 should be:

    a.    First, his share of costs of the sale, if any;

    b.    Keith's exemption of $6,170.29, which he will forego in order to enable his father to obtain financing to make the purchase;

    c.    To the Indiana Department of Revenue, in full satisfaction of its tax lien in the amount of $705.39 filed August 6, 2007, plus interest since that date in the amount specified in Keith's confirmed plan.

      d.      To Jennifer in the amount of $7,358.60, in full satisfaction of her judgment lien for child support made of record on October 25, 2007.

      e.      To Sonitrol, in full satisfaction of its judgment lien filed October 29, 2007, in the amount of $2,008.63, plus interest since said date in the amount specified in Keith's confirmed plan;

      f.      To M&PC, in full satisfaction of its judgment lien filed January 17, 2008, in the amount of $464.16, plus interest since said date in the amount specified in Keith's confirmed plan; and

      g.      To Discover, in partial satisfaction of its judgment lien filed on February 29, 2008, in the amount of $7,867.37.

27. The sale of Keith's one-half interest in 830 to his Father is in the best interests of the estate, the creditors, and the Debtor.

**WHEREFORE**, Plaintiff prays for judgment against Defendants herein that Debtor's interest in 832 and 830 be sold as set forth hereinabove; that said sales be free and clear of all liens and encumbrances upon his interests therein, with valid liens and encumbrances attaching to the proceeds of the sales; and for all other relief which is proper in the premises.

March 25, 2010                    /s/ <u>Andrew D. Thomas</u>
                                       Andrew D. Thomas, #553-82
                                       123 N.W. Fourth St., Ste. 614
                                       Evansville, IN 47708
                                       Telephone: 812-434-6800
                                       Facsimile: 812-434-6801

                                       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2010, a copy of the foregoing *Complaint for Judgment Approving Sale of Property Co-owned by Non-Debtors* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Robert P. Musgrave
Chapter 13 Trustee
chap13@trustee13.com

/s/ Andrew D. Thomas
_____Andrew D. Thomas